IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| SHARON A. ROEBEN | ) | |
| | ) | |
| v. | ) | No. 1:12-0163 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security | ) | |

To: The Honorable John T. Nixon, Senior District Judge

**REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB"), as provided by the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14), to which Defendant has filed a response (Docket Entry No. 16).

Upon review of the administrative record as a whole and consideration of the parties' filings, the Court recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14) be GRANTED, the decision of the Social Security Administration be reversed, and this matter be remanded for further administrative proceedings consistent with this Report.

## I. INTRODUCTION

Plaintiff filed an application for a period of disability and DIB on July 31, 2009. *See* Transcript of the Administrative Record (Docket Entry No. 10),[1] at 20. She alleged a disability onset date of October 1, 2007. *Id*. Plaintiff asserted that she was unable to work because of arthritis, neck and back pain, diabetes, heart disease, and depression. AR 58.

Plaintiff's applications were denied initially and upon reconsideration. AR 55-61, 67-68. After filing her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Linda Gail Roberts on April 21, 2011. AR 31. On June 16, 2011, the ALJ issued a decision unfavorable to Plaintiff. AR 17-19. On June 18, 2014, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR 1-6, thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on June 16, 2011. AR 17-27. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2008.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 1, 2007 through her date last insured of June 30, 2008 (20 CFR 404.15711 *et seq.*).

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s).

3. Through the date last insured, the claimant had the following severe impairments: cervical spine disorder and coronary artery disease (20 CFR 404.1520(c)).

***

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) reduced by the following limitations: occasionally climb, balance, stoop, kneel, crouch, and crawl.

***

6. Through the date last insured, the claimant was capable of performing past relevant work as a paralegal. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

***

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 1, 2007, the alleged onset date, through June 30, 2008, the date last insured (20 CFR 404.1520(f)).

AR 22-27.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision, and the only questions before this Court are (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir.1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*,

471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 CFR §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d

532, 539 (6th Cir. 2007); 20 CFR §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the twelve month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 CFR §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra*. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 CFR § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d) (2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 CFR § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step four of the five-step process. The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 22.

At step four, the ALJ found that Plaintiff was able to perform past relevant work as a paralegal. AR 25. Although this finding rendered Plaintiff not disabled, the ALJ determined that there were other jobs in the national economy that Plaintiff could perform, and thus proceeded to the fifth step of the inquiry to make alternative findings. AR 25-26. At step five, the ALJ found that Plaintiff's RFC allowed her to perform light work with certain limitations as set out in the ALJ's findings, AR 22-25, and that considering her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. AR 25-26.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by: (1) failing to consider the impact of Plaintiff's lower back condition in assigning Plaintiff's RFC; and (2) failing to properly consider the opinion of Plaintiff's treating physician. Docket Entry No. 15 at 1. Plaintiff argues that the ALJ's decision is therefore not supported by substantial evidence, *id*., and that the Commissioner's decision should therefore be reversed, or in the alternative, remanded for further consideration. *Id*. at 13.

Sentence four of 42 U.S.C. § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Moreover, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). Plaintiff's assertions of error are addressed below.

**1. The ALJ's consideration of Plaintiff's lower back condition.**

Plaintiff argues that the ALJ improperly failed to consider her lumbar degenerative disc disease and stenosis, thus making the assigned RFC "fundamentally flawed." Docket Entry 15 at 1, 11. Plaintiff notes that despite the ALJ's finding otherwise, her lower back complaints began well before June 30, 2008, the date on which Plaintiff's disability insured status expired.[2] Defendant argues in response that the ALJ examined Plaintiff's alleged lower back condition and correctly found that Plaintiff's complaints were "not fully credible and inconsistent with [P]laintiff's contemporaneous representations to treating sources." Docket Entry 16 at 10. Notably, Defendant

[2] Plaintiff does not dispute the ALJ's finding that Plaintiff must establish that her alleged disability arose prior to June 30, 2008, as this date represents the last date on which Plaintiff qualified for insured status under §§ 216(i) and 223(d) of the Social Security Act.

concedes that Plaintiff complained of lumbar spine problems in April of 2008, *id*. at 9, which is before the June 30, 2008 expiration date.

20 CFR § 404.1545 describes the process by which an ALJ determines a claimant's RFC:

> We will assess your [RFC] based on all of the relevant medical and other evidence. In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity . . . However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources . . . We will consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations . . . We will also consider descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons . . . .

Social Security Ruling ("SSR") 96-8p provides additional instruction for an ALJ when evaluating a claimant's RFC:

> [T]he adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

In this case, the Court agrees with Plaintiff that the ALJ improperly failed to consider her lower back condition in assigning the RFC. In addressing Plaintiff's alleged lower back pain, the ALJ states the following:

> The medical evidence also indicated the [Plaintiff] had some back pain . . . However, since the [Plaintiff's] back complaints occurred well after June 30, 2008, the date last insured, the undersigned will not go into any further detail regarding this physical condition.

AR 24. The ALJ's statement that Plaintiff's lower back complaints arose "well after June 30, 2008" is not supported by the record. It is true that the *severity* of Plaintiff's lower back problems does not appear to have been discovered until after June 30, 2008. For example, Dr. Todd Piercy noted on November 5, 2008 that Plaintiff exhibited symptoms that were likely related to lumbar dis[k] disease. AR 234. Dr. Allen Naftilan also noted Plaintiff's lumbar disk disease on November 19, 2008. AR 207. A subsequent MRI of Plaintiff's lumbar spine on December 30, 2008, six months after the last date insured, demonstrated that Plaintiff suffered from severe bilateral facet arthrosis, large bilateral facet joint effusion, mild disk bulging, spondylolisthesis, severe bilateral stenosis, and degenerative disk disease. AR 197-98.

However, Plaintiff clearly complained of lower back pain prior to June 30, 2008. The record indicates that Dr. David Turner arranged for an x-ray of Plaintiff's lumbar spine on June 26, 2008 based on Plaintiff's complaints of lower back pain. AR 246-47. Dr. Turner also specifically referenced a possible MRI of Plaintiff's lumbar spine on June 10, 2008. AR 247. This directly contradicts the ALJ's findings that Plaintiff did not complain of lower back pain until after June 30, 2008.

The Sixth Circuit has indicated that a claimant must establish the *onset* of disability prior to the expiration of her insured status. *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653, 654 (6th Cir. 1982) (citing *LeMaster v. Weinburger*, 533 F.2d 337 (6th Cir. 1876)) (emphasis added). It has further held that "[m]edical evidence of a subsequent condition of health, reasonably proximate to a preceding time may be used to establish the existence of the same condition at the preceding time." *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976). Such "[p]ost-expiration evidence must relate back to the claimant's condition prior to the expiration of her date last insured."

*Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003). The MRI from December of 2008 demonstrated findings that were degenerative in nature, AR 197-98, which relates back to Plaintiff's complaints of lower back pain in June of 2008. AR 246-47. This MRI, as well as all other evidence in the record pertaining to Plaintiff's lower back condition, is thus close enough in proximity to the insured period that such evidence is relevant to any evaluation of Plaintiff's functional abilities during that period.

In light of clear evidence that Plaintiff complained of lower back pain prior to June 30, 2008, the date on which her disability insured status expired, as well as objective findings indicating that Plaintiff suffered from a degenerative lumbar condition, the Court finds that the ALJ improperly failed to consider the combined effect of Plaintiff's impairments in assigning the RFC in this matter, in violation of 42 U.S.C. § 423(d)(2)(B). It is therefore recommended that this case be remanded for additional consideration of Plaintiff's lumbar condition.

**2. The ALJ's consideration of opinion evidence from Plaintiff's treating physician.**

Plaintiff next contends that the ALJ improperly gave "little weight" to the opinion of her treating physician, Dr. Shawn Reed. Docket Entry 15 at 12. Plaintiff claims that the ALJ's rationale for discounting Dr. Reed's opinion is not supported by the record. *Id*. In response, Defendant argues that Dr. Reed, who stated that Plaintiff would not be able to work full-time due to pain or other limitations, provided no support for his opinion, and that his opinion conflicts with the remaining medical evidence in the record. Docket Entry 16 at 11-13.

The ALJ stated the following with respect to Dr. Reed's opinion:

> Dr. Reed failed to provide any explanation regarding how the [Plaintiff's] physical impairments limited her physical ability to do work-related activities. Furthermore, the medical evidence does not support the findings made by Dr. Reed. Therefore, little weight is given to Dr. Reed's opinion.

AR 24. The ALJ is correct that Dr. Reed did not expand on his opinion regarding Plaintiff's ability to perform full-time work. In response to a question as to whether Plaintiff could be "reasonably expected to be reliable in attending an eight hour day, 40 hour work week, week after week, without missing more than 2 days per month" due to her pain or other limitations, Dr. Reed merely checked the option for "No." AR 316. Plaintiff points to no other explanation from Dr. Reed regarding this opinion. Plaintiff instead notes that Dr. Reed "had intimate knowledge" of Plaintiff's previous cervical spine surgeries, and his opinion should thus be accepted by the ALJ. Docket Entry 15 at 12-13.

There are specific criteria for the ALJ to consider when evaluating the weight afforded to a treating medical provider's opinion:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 CFR § 404.1527(c)(2). In the instant case, the Court finds that the ALJ failed to consider clinical and laboratory diagnostic findings in her decision to effectively reject the opinion of Dr. Reed. It is true that Dr. Reed did not provide an explanation in his medical source statement as to why Plaintiff would be unable to perform full-time work. However, despite the ALJ's statement

otherwise, there is additional evidence in the record to support Dr. Reed's opinion that the ALJ ignored. For example, Dr. Reed opined on August 5, 2009 that Plaintiff was experiencing "severe lumbar spine problems." AR 226. He further noted that a separate physician, Dr. Joseph Wade, had recommended surgery to address these issues, but that Plaintiff was not covered by insurance and was therefore unable to afford surgery. *Id*. The severity of Plaintiff's lumbar condition is further supported by the aforementioned MRI findings, which demonstrated severe arthrosis, stenosis, and disk bulging, among other things. AR 197-98.

The ALJ disregarded this evidence based on the mistaken belief that Plaintiff's lower back complaints did not arise until after June 30, 2008, stating that she would therefore "not go into any further detail regarding" Plaintiff's lower back condition. AR 24. However, as previously discussed, Plaintiff clearly complained of lower back pain before June 30, 2008. The ALJ is thus required to consider all medical evidence in the record pertaining to Plaintiff's lower back condition, including her documented lumbar problems, regardless of whether such evidence falls after June 30, 2008.

Pursuant to 20 CFR § 404.1527(c)(2), the ALJ must consider multiple factors if a treating source's opinion is not given controlling weight, including, among others, the length of the treatment relationship, the frequency of the treating source's examinations, the nature and extent of the treatment relationship with the treating source, and the consistency of the treating source's opinion. While the ALJ is not required to discuss all the evidence submitted, and a failure to cite specific evidence does not indicate that such evidence was not considered, the ALJ is required to "develop the record fully and fairly." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). Based on the ALJ's failure to consider relevant evidence pertaining to Plaintiff's lower back condition, the Court finds that the record in this case

has not been fully and fairly developed. It is therefore recommended that this case be remanded for further consideration of Plaintiff's lumbar condition. On remand, the ALJ shall consider all medical notes in the administrative record pertaining to Plaintiff's lower back condition, including those involving the lumbar spine.

## V. RECOMMENDATION

For the above stated reasons it is recommended that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14) be GRANTED and that this case be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for additional consideration of Plaintiff's claims, with emphasis on Plaintiff's lower back condition.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

BARBARA D. HOLMES
United States Magistrate Judge